Allen, J.
delivered the opinion of the Court.
The Court is of opinion that as the jury were the proper judges of the weight and credit due to the testimony of the witnesses, the verdict in favour of the will, sanctioned by the opinion of the Court before which a trial of the issue was had, has concluded all mere questions of fact depending upon the credit to be given to the witnesses. The Court is therefore of opinion, that upon this record it must be taken that all the requirements of the statute in order to establish a will were satisfactorily proved.
The Court is further of opinion, that the question whether the paper offered for probat, was identified as the same paper which had been attested as the last will of the deceased was one of those questions of fact determined by the finding of the jury.
The Court is further of opinion, that as in the construction of the statute of 29 Car. 2, it has been settled that a subscribing witness may attest a will by making his mark, his name being written by another in his presence and at his request, Harrison v. Harrison, 8 Ves. R. 185; Addy v. Grix, Id. 504; Harrison v. Elvin, 43 Eng. C. L. R. 658, the validity of such an attestation depends upon the signing of the name of the witness by his authority and in his presence, and not upon the fact of his making a mark or doing some manual act in connexion with the signature. The making of a mark would furnish little, if any, means of verifying the signature; and the doing some manual act in connexion with the signature, would furnish no additional safeguard appearing on the body of the instrument, against those frauds which it was the object of the statute to prevent.
*64 The Court is further of opinion, that although there must he satisfactory proof that every statutory provision has been complied with in order to establish a will, the law does not prescribe the mode of proof; nor that the will shall be proved, as well as attested, by a specified number of witnesses. If such proof were to be required from each subscribing witness the validity of wills would be made to depend upon the memory and good faith of a witness, and not upon reasonable proof that all the requirements of the statute had in fact been complied with. The Court is therefore of opinion, that there was no error in the refusal to give the instructions to the jury asked for by the appellants upon the trial of the issue.
Decree affirmed.